[No. 9704.  In Bank. — December 28, 1887.]

CORNELIUS O'CONNOR, RESPONDENT, v. WILLIAM IRVINE ET AL.  WILLIAM IRVINE, APPELLANT.

TRUST — PURCHASE OF TAX TITLE — MONEY FURNISHED BY THIRD PERSON. — Where the owner of real property about to be sold for taxes requests another to purchase it, and furnishes him money therefor, and the latter buys it in at the tax sale in his own name, he becomes a resulting trustee for the owner, although he made no express promise to purchase it for the latter.

ID. — MINING CLAIM — TRUSTEE OBTAINING PATENT IN HIS OWN NAME — EQUITY WILL CONTROL LEGAL TITLE. — Where a trustee of a mining

74  435
87  265
74  435
98  523
74  435
112  83
74  435
117  550
74  435
127  248
74  435
149  8
149  9

claim procures a patent therefor in his own name, a court of equity will control the operation of the legal title so acquired for the benefit of the *cestui que trust.*

ID. — ASSIGNEE MAY ENFORCE TRUST. — An assignee of a cause of action to establish and enforce a trust is the real party in interest, and may maintain the action in his own name.

ID. — ACTION TO ESTABLISH TRUST — PRIOR EJECTMENT NOT A BAR. — An action of ejectment by a *cestui que trust* against the trustee to recover possession of the trust estate is not a bar to a subsequent action against him to establish the trust.

ID. — NECESSARY PARTIES — FAILURE TO OBJECT TO DEFECT OF PARTIES. — In an action to establish and enforce a trust in certain shares of corporate stock, when the evidence shows that a third person has an interest with the plaintiff as a *cestui que trust* in the subject-matter of the action, the court should order him to be made a party, although the defendant has omitted to raise any objection of defect of parties, either by demurrer or answer; and the failure of the court so to do is fatal to the judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

On the 26th of April, 1860, A. Gray Morgan died intestate in the city and county of San Francisco, being at the time the owner of an undivided half-interest in a mine situated in Calaveras County, state of California, known as the Morgan mine. On the 4th of January, 1861, letters of administration upon his estate were issued to R. H. Sinton, who, as such administrator, sold to James G. Fair the interest of Morgan in the mine, the purchase being made by Fair for account of himself and one A. A. Selover. The sale was confirmed by the probate court on the 18th of November, 1861, and on the 18th of December, 1861, Sinton executed a deed to Fair for the interest sold. At the time of the sale the property was in the adverse possession of third parties, against whom Fair instituted legal proceeding to recover its possession. At the close of this litigation, in 1867, Fair was put in possession of the property, and was proceeding to work it when he discovered that other persons had an interest in the mine. On the 22d of September, 1868, the property was listed for assessment, and

such proceedings were thereafter had, that, on the 10th
of July, 1869, legal proceedings were instituted in the
district court of the eleventh judicial district, in the
name of the people, for the recovery of the tax due and
delinquent under this assessment. On the 25th of Octo-
ber, 1869, judgment was rendered in the action, in favor
of the people, for the amount of the tax. On the 9th of
November, 1869, an order of sale was issued on this
judgment, and on the 28th of December, 1869, the prop-
erty was sold at the execution sale to William Irvine, to
whom, on the 29th of July, 1870, a sheriff's deed was
issued. This purchase at the execution sale was made
by Irvine for the joint account of Fair and Selover. On
the 19th of October, 1870, Irvine, under the judgment
and sheriff's deed, obtained possession of the property;
and from that time up to the 1st of October, 1872, the
court found that he kept possession of it as the agent and
trustee of Fair, when he repudiated the title of Fair, and
claimed to hold adversely. On the 16th of July, 1871, Fair
brought an action of ejectment against Irvine to recover
possession of the property, in which judgment was
rendered in favor of Irvine on the 29th of November,
1871, which was afterwards affirmed, on appeal, by the
supreme court. In 1873, Irvine instituted proceedings
for the procurement for himself of letters patent from
the United States for the Morgan mine; and on the 9th
of March, 1874, a patent for the same was issued to him.
On the 12th of March, 1875, the Morgan Mining Com-
pany was incorporated, to which corporation Irvine con-
veyed his interest in the mine, in consideration whereof
he received from it ten thousand shares of its capital
stock. On the 4th of May, 1876, Fair assigned his de-
mands against Irvine and the Morgan Mining Company
to the plaintiff, who, on the 8th of May, 1876, instituted
the present action to have Irvine declared a trustee for
the plaintiff for the ten thousand shares of the Morgan
Mining Company. Judgment was rendered in favor of

the plaintiff as prayed for. The defendant Irvine moved for a new trial, and his motion being denied, appealed from the judgment and order. The further facts are stated in the opinion of the court.

*George W. Towle, Jr.*, for Appellant.

The facts do not show Irvine to have been a trustee for Fair, in whose right alone the plaintiff sues. (2 Pomeroy's Eq. Jur., sec. 1037; *Riley* v. *Lancaster*, 39 Cal. 354; *Page* v. *Rodgers*, 31 Cal. 302.) The court erred in not permitting the defendant to amend his answer so as to set up the objection to the non-joinder of Selover. (*Routenberg* v. *Main*, 47 Cal. 221; *Payne* v. *Hanks*, 7 Wall. 425; Code Civ. Proc., secs. 382, 389; Pomeroy's Remedies, sec. 247.)

*McAllister & Bergin*, for Respondent.

The finding that Irvine was employed to make the purchase at the execution sale is sustained by the evidence, and that Fair furnished the money therefor. (*In re O'Hara*, 95 N. Y. 403; *Page* v. *Page*, 8 N. H. 187; *Boyd* v. *McLean*, 1 Johns. Ch. 589; *Millard* v. *Hatherway*, 27 Cal. 140; *Loundsbury* v. *Purdy*, 18 N. Y. 519; *Foote* v. *Bryant*, 47 N. Y. 547; *Sanford* v. *Norris*, 4 Abb. App. 144; *Morey* v. *Herrick*, 18 Pa. St. 123; *Kendal* v. *Mann*, 11 Allen, 17; *Sandfoss* v. *Jones*, 35 Cal. 487.) The United States letters patent are no bar to the relief awarded. Such patent is received subject to all equitable obligations with which the patentee may stand charged in virtue of any trust or confidence resting upon him. (*Kimball* v. *McIntyre*, 1 Pac. Rep. 167; *Meader* v. *Norton*, 11 Wall. 457; *Rico* v. *Spence*, 21 Cal. 511; *Wilson* v. *Castro*, 31 Cal. 438; *Bloodworth* v. *Lake*, 33 Cal. 263.) The title acquired by Irvine inured to the benefit of Fair. (*Hallett* v. *Collins*, 10 How. 186; *Threadgill* v. *Pintard*, 12 How. 38; *Keech* v. *Sanford*, 1 Lead. Cas. Eq. 36.) The objection to the non-joinder of Selo-

ver, not having been taken by demurrer or answer, was waived. (Code Civ. Proc., secs. 434–436; *Dias* v. *Bouchand*, 10 Paige, 458; *Durand* v. *Hankerson*, 39 N. Y. 287; *Trenor* v. *Central Pacific R. R. Co.*, 50 Cal. 231; *Smith* v. *Owen*, 21 Cal. 24; *McComb* v. *Reed*, 28 Cal. 284; *Sharon* v. *Sharon*, 68 Cal. 31; *McPherson* v. *Weston*, 64 Cal. 281; *Wilson* v. *Castro*, 31 Cal. 428; *Lancaster* v. *Collins*, 115 U. S. 227.)

PATERSON, J.—1. The evidence shows that the defendant acted as the agent of Fair and Selover in purchasing the property and in holding it, and that he so considered himself up to a certain period, when, having had some misunderstanding with Fair, he resolved to assume the right of ownership in the property. Fair furnished the money with which the purchase was made. It was not necessary for the plaintiff to show the defendant agreed in formal or express language that he would make the purchase for Fair and others, and hold it for their benefit. It is sufficient if it was mutually understood between the parties that he was so acting in their behalf. What was said and done by the parties, so far as the evidence shows, is capable of only one interpretation, and establishes a perfect understanding between the parties, as above stated. Under such circumstances, although the language used may not of itself show an express promise, it is the duty of the party whose services are sought, if he does not mean to act in accordance with the evident expectation of the parties with whom he is dealing, to expressly declare that he will not; otherwise his silent acquiescence is a fraud. (*O'Hara Will Case*, 95 N. Y. 403; *Millard* v. *Hathaway*, 27 Cal. 119; *Sandfoss* v. *Jones*, 35 Cal. 486.) It is true, as claimed by appellant, the party alleging the trust must show that the money was paid at or before the execution of the conveyance, or that an absolute obligation to pay has been incurred by him as a part of the original transaction of

purchase. (2 Pomeroy's Eq. Jur., sec. 1037; *Case* v. *Codding*, 38 Cal. 193.) But we do not see how this principle can aid appellant in this case. On December 28, 1869, the sheriff sold the property to defendant, Irvine, who paid him $115.19 therefor, and received the sheriff's certificate of sale. This money was paid to defendant by Sinton, acting as the agent of Fair and others, in February, 1870. There was no conveyance, within the meaning of the authorities cited, until the time of redemption had expired and the sheriff delivered to him the deed to the property. The evidence shows that defendent rendered an account for the money advanced, and received the amount thereof prior to the execution and delivery of the sheriff's deed. It would appear, therefore, that he ought not now to be heard to say that it was not a loan, and if it was a loan, the facts created a resulting trust. (See authorities above cited; also *Page* v. *Page*, 8 N. H. 187; *Siemon* v. *Schurck*, 29 N. Y. 598; *Foote* v. *Bryant*, 47 N. Y. 544; *Soggins* v. *Heard*, 31 Miss. 426; *Morey* v. *Herrick*, 18 Pa. St. 129.)

The fact that a patent was issued to defendant, Irvine, in March, 1874, upon his application filed in 1873, cannot in any way affect the equitable right of plaintiff. If there be a trust in favor of another party at the time of the issuance of the patent, a court of equity will control the operation of the legal title for the benefit of the *cestui que trust*. (*Bludworth* v. *Lake*, 33 Cal. 263.)

2. The plaintiff is a real party in interest. It is not denied that all of Fair's right in the property, together with his cause of action, were duly assigned to plaintiff. It is sufficient, under the code, if he holds the legal title to the demand.

3. The court below found that on the first day of October, 1872, the defendant first repudiated the title of Fair, and claimed to hold adversely to him. This finding is attacked by appellant, who claims that it is not supported by the evidence, which shows acts of hostility

and repudiation as early as March, 1871. Inasmuch as the judgment must be reversed, we deem in unnecessary to examine the evidence before us upon this point.

4. No necessity is shown for an accounting unless the prayer of the complaint that an accounting of the profits, assessments, expenses, etc., be had, shows such necessity. The evidence fails to show that there was anything due the defendant.

5. The judgment in the ejectment suit of *Fair* v. *Irvine* is relied upon by defendant to defeat the claim of plaintiff in this action. Courts will not entertain fictitious actions when their true characters are made to appear; and a judgment rendered in such a case when its true character is shown determines nothing. (*Lord* v. *Veazie*, 8 How. 255; *Cleveland* v. *Chamberlain*, 1 Black, 425.) Assuming, however, that the judgment in that action must be treated collaterally as valid, although the action was simulated, — not a real controversy, — what did it determine? Plaintiff is not estopped from invoking his equities in this case. An action of ejectment and an action to declare a trust are essentially different. To prevail in the former, the plaintiff must, as against the defendant, be the holder of the legal title, whether such legal title be evidenced by a deraignment from the paramount source of title, or simply by prior possession; but in the latter the whole case depends upon the theory that the legal title is in the defendant. The rule as expressed in the code (Code Civ. Proc., sec. 1908, subd. 2) is to the effect that a judgment is conclusive between the parties in respect to the matter directly adjudged; and section 1911 provides that "that only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein, or necessary thereto." Equitable rights are not necessarily included in an action of ejectment, and their determina-

tion, when not pleaded, is not necessary to a determination of the issues in such action.

6. The evidence shows that Irvine is a trustee for both *Fair and Selover*. Although Fair furnished the money, Irvine was the agent of both. This, we think, is clearly shown by the evidence. Defendant moved for a nonsuit on the grounds, among others, that there was a fatal variance between the allegations and the proof; that Selover's interest has never been assigned; that the quantity of interest of Fair and Selover has not been shown, and Irvine should not be required to convey the whole interest to plaintiff, who is assignee of only Fair's interest. The court, in a written opinion referring to this matter, says: "The defendant asked leave to amend his answer at the close of the trial, so as to set up the objection as to non-joinder of Selover; but the court refused to allow such amendment, it appearing that the defendant was fully informed, or should have been, of this matter, by reason of the evidence given on the trial of the case of *Dunham* v. *Irvine*, tried some years ago in the United States circuit court in this city. To have allowed such amendment under the circumstances would have been unjust to the plaintiff, as it would have necessitated a continuance of the cause after an expensive trial."

The general rule is, that an objection on the ground of defect or misjoinder of the parties plaintiff must be taken advantage of by demurrer, if it appear on the face of the complaint; and if it does not so appear, then by answer, or the objection will be waived. But there are exceptions. The code provides that, "of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint" (Code Civ. Proc., sec. 382); and "the court may determine any contro-

versy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in." (Code Civ. Proc., sec. 389.) The decree in this case declares Irvine to be a trustee for plaintiff of the whole ten thousand shares of the capital stock of the Morgan Mining Company, and directs that he assign and transfer the same to plaintiff, and restrains perpetually the company defendant from making any transfer on its books of said stock, or any part or portion thereof, to any one but plaintiff herein, and directs the company to allow plaintiff all rights and privileges "by law incident to the full legal and equitable ownership of said ten thousand shares of stock."

In the absence of Selover as a party, a complete determination of the controversy, we think, cannot be had without prejudice to his, Selover's, rights. The decree, if enforced, might result in a sale to innocent purchasers of Selover's interest, and, as was said in *Reyes* v. *Sanford*, 5 Cal. 116, "would have no other effect than to renew litigation by producing more suits in order to settle and determine finally the rights of all parties." A court of equity will not permit litigation by piecemeal. The whole subject-mater and all the parties should be before it, and their respective claims determined once and forever. Generally, in suits between *cestuis que trust* and trustees, all the parties interested should be before the court. (Barbour on Parties, 439, 442, 444.) If the necessary parties to a full determination are not before the court, it is the duty of the court, on its own motion, to order them brought in; and this, although the defendants in the action have omitted to raise an objection of defect of parties by demurrer or answer. The failure of the court so to do is fatal to the judgment. (*Osterhoudt* v. *Board of Supervisors*, 98 N. Y.

239; *Settembre* v. *Putnam*, 30 Cal. 498; *Gates* v. *Lane*, 44 Cal. 396; Barbour on Parties, 319.)

Selover is a party primarily interested in the stock disposed of by the judgment before us. The amount of his interest therein is not shown. Necessarily, therefore, he would be prejudiced by the execution of this judgment, and must be made a party in order that a complete determination of the controversy may be had. We see no way to avoid a new trial, in order to determine the controversy finally and without prejudice to the rights of Selover.

Judgment and order reversed, and cause remanded for further proceedings, in accordance with the views herein expressed, and for a new trial.

TEMPLE, J., McFARLAND, J., SEARLS, C. J., and THORNTON, J., concurred.