[Civ. No. 9814. Second Appellate District, Division One.—December 28, 1937.]

VICTORIA DE OLAZABAL, Appellant, v. TOM MIX, Respondent.

Haight, Trippet & Syvertson, Lyle C. Newcomer, Jr., and John Haven for Appellant.

Claude I. Parker, Ralph W. Smith and J. Everett Blum for Respondent.

WHITE, J.—This is an appeal from a judgment in favor of the defendant in an action at law brought on five promissory notes. Briefly, the facts are that at the time of the execution of the notes in question, the plaintiff and defendant were wife and husband, and the parents of a minor daughter. The parties subsequently divorced, and both have remarried. On July 9, 1928, defendant Tom Mix made and executed the five promissory notes, payable at staggered dates, to the order of plaintiff, each in the sum of $10,000. The notes were presented for payment after the due date which appeared on each of them respectively, and were dishonored by the defendant, resulting in the commencement of this action to enforce collection.

Defendant's amended answer amounted to a general denial of the allegations contained in the complaint, and also set forth separate and affirmative defenses alleging fraud and

duress; that the notes in question were executed and delivered to plaintiff in trust for the benefit of the minor daughter of the parties; that the trust is impossible of performance and indefinite in its terms; that the trust is void and unenforceable under the provisions of section 715 of the Civil Code. During the course of the trial the court permitted defendant to file an amendment to his amended answer to conform to the proof, by which he sought to raise two affirmative defenses based on his oral testimony (1) that at the time the notes were executed it was agreed between the parties thereto that the notes would not be payable until defendant sold all three houses then owned by him; (2) that the notes were given to plaintiff upon an oral understanding that she was to use the proceeds thereof to provide a home for herself, defendant, and their minor daughter; and (3) that plaintiff could not prevail because she sued in her individual name and not in the capacity of trustee.

On the question of fraud and duress the court found in favor of appellant, but sustained the last two mentioned defenses, and based thereon, rendered judgment in favor of respondent.

 Appellant first assails the judgment on the well-settled rule of law that a contemporaneous oral agreement is not competent to contradict or vary the terms of a written instrument. However, this universally recognized rule is subject to equally recognized exceptions. (Sec. 1856, Code Civ. Proc.) Notable among such exceptions to the rule is fraud, as well as trusts in personalty. No citation of authority is necessary for the assertion that such testimony was admissible under the allegations of fraud (which the court found did not exist), and it is equally well settled that a trust in personal property need not be in writing, and that no set form of words is necessary to create a trust (*Booth v. Oakland Bank of Savings*, 122 Cal. 19 [54 Pac. 370]; secs. 2221 and 2222, Civ. Code); while section 2254 of the Civil Code declares that in an oral trust all declarations of a trustor to his trustee, in relation to the trust, before its acceptance by the trustee, are to be deemed part of the declaration of the trust. The trial court therefore was correct in admitting oral testimony from both appellant and respondent to the effect that the notes were given to plaintiff in trust for the purchasing and furnishing of a home for the minor child

of the parties, because trusts in personalty such as the one here in question may be created, declared, or amended verbally, and may be proved by parol evidence. (*Lefrooth* v. *Prentice,* 202 Cal. 215, 227 [259 Pac. 947], and cases therein cited. See, also, 26 R. C. L. 1194; *Cashion* v. *Bank of Arizona,* 30 Ariz. 172 [245 Pac. 360, 363]; *Booth* v. *Oakland Bank of Savings, supra; Drinkhouse* v. *German etc. Soc.,* 17 Cal. App. 162 [118 Pac. 953].)

 Appellant's next ground of appeal is that the court erred in holding that it is necessary for the trustee of an express trust to sue ."as trustee" rather than individually, which holding forms the basis of the trial court's decision. In this connection, appellant relies strongly upon the provisions of section 369 of the Code of Civil Procedure, which is as follows: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

While it is true that under this section of the Code of Civil Procedure trustees of an express trust may sue without joining with them the persons for whose benefit the suit is prosecuted, this section only applies to suits by trustees affecting the trust property or rights under it against strangers, and is therefore inapplicable to the case before us. (*Lake* v. *Dowd,* 207 Cal. 290 [277 Pac. 1047]; *Mitau* v. *Roddan,* 149 Cal. 1, 6 [84 Pac. 145, 6 L. R. A. (N. S.) 275].) However, a mere reading of the record before us at once indicates that during the trial of this action it developed that the purpose of the same was, among other things, to determine the rights as between the trustee and the beneficiary, and the latter, therefore, should have been brought in as a party. In this connection, the provision of section 389 of the Code of Civil Procedure is mandatory. This necessity of making all persons parties in actions under the trust where the relations of the trustees and beneficiaries are involved is in effect the rule laid down in this state in *McPherson* v. *Parker,* 30 Cal. 455 [89 Am. Dec. 129]; *O'Connor* v. *Irvine,* 74 Cal. 435, 444 [16 Pac. 236], and *Mitau* v. *Roddan, supra.* Where, as in the instant case, it admittedly appeared to the court that it

was essential to a full and complete determination of the controversy before it that the minor daughter of the parties, who was the beneficiary under the trust, should be made a party, it was the imperative judicial duty of the court to order her brought in. As was said by our Supreme Court in *Mitau* v. *Roddan, supra*, "It was not a matter of discretion but of duty for the court, even upon its own motion, to require their presence". Under the facts of this case, the failure of the court to do so is fatal to the judgment. (*Mitau* v. *Roddan, supra*; *Winter* v. *McMillan*, 87 Cal. 256 [25 Pac. 407, 22 Am. St. Rep. 243]; *O'Connor* v. *Irvine, supra;* Pomeroy's Code Remedies, sec. 419.)

This determines the issues involved in this appeal. ■ We have, however, in view of a probable retrial of the cause, examined the record on the merits of the final question presented, wherein appellant urges that the trial court fell into error when it excluded the testimony of the witness Cohen, who, it appears, was acting as attorney for both parties, and was present when the notes here in question were executed by defendant and delivered to plaintiff. When Attorney Cohen was called as a witness by the plaintiff, the defendant raised the question of privilege, and on that ground objections to the attorney's testimony were sustained. ■ In these rulings the court erred, because it is the law, as appellant urges, that "when two parties address a lawyer as their common agent, their communication to the lawyer as far as concerns strangers will be privileged. But as to themselves, they stand on the same footing as to the lawyer, and either can compel him to testify against the other as to their negotiations." (*Piercy* v. *Piercy,* 18 Cal. App. 751, 760 [124 Pac. 561], citing *In re Bauer,* 79 Cal. 304, 312 [21 Pac. 759]; *Murphy* v. *Waterhouse,* 113 Cal. 467 [45 Pac. 866, 54 Am. St. Rep. 365]; *Harris* v. *Harris,* 136 Cal. 379 [69 Pac. 23]; 1 Wharton on Evidence, sec. 587; Greenleaf on Evidence, sec. 244; *Hanlon* v. *Doherty,* 109 Ind. 37 [9 N. E. 782]; *Michael* v. *Foil,* 100 N. C. 178 [6 Am. St. Rep. 577, 6 N. E. 264].)

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial in conformity with the views herein expressed.

York, P. J., and Doran, J., concurred.