[S. F. No. 16651. In Bank. Feb. 4, 1942.]

THE FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO (a National Banking Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gray, Cary, Ames & Driscoll, John M. Cranston and James Archer for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, and LeRoy B. Lorenz for Respondent.

SHENK, J.—The petitioner seeks the writ of prohibition to restrain the respondent superior court from exercising jurisdiction in a pending action until it has ordered the presence of parties claimed to be indispensable to a complete determination of the controversy. (See section 389, Code of Civil Procedure.) This court issued the alternative writ. The matter is submitted on the petition and the respondent's demurrer and answer.

The pleadings herein show that on March 15, 1941, Sallyneil B. Wilson commenced an action in the Superior Court in Los Angeles County naming The First National Trust and Savings Bank of San Diego, petitioner herein, as the sole defendant. The plaintiff in that action sought to recover from the defendant, trustee of an express trust, one-half of the income from the trust estate under an amendment to the declaration of trust whereby the plaintiff was made a beneficiary of the trust. The following are the facts alleged in the complaint in that action:

On August 16, 1929, Edith W. Crose executed a declaration of trust covering real and personal property, naming The First National Trust and Savings Bank of San Diego as trustee to collect the income therefrom and pay the same to Juliet Guthrie Wilson during her lifetime, and upon her death to her surviving issue. Juliet Guthrie Wilson died in December, 1929, and was survived by her son, F. Guthrie Wilson, and her daughter, Edith W. Crose. The trustee thereupon paid the income from the trust estate to the two surviving children in equal shares.

The trust instrument provided that the trustor should have the right, upon thirty days' written notice to the trustee, to revoke the trust in whole or in part and to alter or amend the same by a memorandum in writing delivered to the trustee, provided the amendment be accepted by the trustee. On

June 30, 1933, the trustor, Edith W. Crose, executed and delivered to the trustee an amendment of the trust declaration as follows: "F. Guthrie Wilson, my brother, is about to marry one Sallyneil Braden. In the event said marriage is consummated, and in case said Sallyneil Braden survives F. Guthrie Wilson, then in that event, I direct the trustee shall pay to her for so long as she may live, all of the income to which the said F. Guthrie Wilson would have been entitled had he survived."

The trustee accepted the amendment. On July 29, 1933, Sallyneil Braden married F. Guthrie Wilson. On December 14, 1940, F. Guthrie Wilson died. The trustee refused to recognize the validity of the foregoing amendment to the trust declaration and the plaintiff brought the action for the purpose of establishing herself as beneficiary of one-half of the income of the trust, that being the portion which F. Guthrie Wilson would have received had he lived. The plaintiff also sought an accounting and a declaration of the rights of the parties.

It was also alleged in the complaint that F. Guthrie Wilson and Edith W. Crose were the sole issue of said Juliet Guthrie Wilson and therefore became the sole beneficiaries of the trust. The original trust declaration, annexed as an exhibit to the complaint, contained the following provisions with respect to the payment of the net income derived from the estate after the death of the first named beneficiary, Juliet Guthrie Wilson:

"Upon the death of Juliet Guthrie Wilson, the trustee shall pay the net income . . . to the issue of Juliet Guthrie Wilson living at each income date until the termination of this trust as hereinafter provided.

"Upon the death of the last survivor of the Trustor, Juliet Guthrie Wilson, F. Guthrie Wilson, brother of the Trustor, and Janet C. Stanley and Catherine C. Crose, daughters of the Trustor, this trust shall cease and determine, and thereupon the Trustee shall transfer, pay over, convey and deliver the trust estate and any accumulations thereof then in its hands, to the issue of Juliet Guthrie Wilson then living, per stirpes and not per capita.

"In case Henry T. Stanley, Jr., Grandchild of the Trustor, shall not have attained the age of thirty (30) years at the time of the termination of this trust, his share of the trust

estate shall vest but possession thereof shall be postponed'' until he shall have attained the age of thirty years. Similar provisions were made respecting the share of ''any other beneficiary, being the issue of Juliet Guthrie Wilson, under the age of thirty (30) years at the time of the termination of this trust.''

The defendant trustee filed an answer in said action alleging that in fact Juliet Guthrie Wilson was the trustor, and that Edith W. Crose was not the owner of the trust property nor the trustor, and denying that the plaintiff was a beneficiary of the trust. In the answer it was admitted that the amendment of June 30, 1933, was executed by Edith W. Crose, but it was alleged that Edith W. Crose, purporting to act as trustor, on April 22, 1935, executed another instrument amending the trust declaration, accepted by the trustee, which was a substitute for the amendment of June 30, 1933, and provided that Sallyneil B. Wilson, should she survive F. Guthrie Wilson, should receive two-thirds of the income to which F. Guthrie Wilson would have been entitled, unless she became divorced from her husband or should remarry, and but one-third of such income upon termination of the trust, unless she had been divorced or had remarried.

On the trial the defendant in the action objected to the introduction of evidence on the ground that the court did not have jurisdiction to render judgment therein without the presence of Edith W. Crose, Janet C. Stanley, Catherine C. Crose and Henry T. Stanley, Jr., who were named in the original trust instrument. On July 22, 1941, the trial court rendered an interlocutory judgment whereby it decreed that the original trust instrument was duly amended by the writing dated June 30, 1933, but that the instrument of April 22, 1935, was ineffective as a modification of said amendment and of said trust instrument and was therefore void; that upon the death of Juliet Guthrie Wilson, F. Guthrie Wilson became one of the two sole surviving beneficiaries of the trust and was entitled to one-half the income therefrom so long as he lived, and that upon his death the plaintiff became entitled to the same share of the income. The court ordered the trustee to render an accounting and report of its administration under oath. It also ordered that Edith W. Crose, the trustor under the trust instrument, and the only other beneficiary thereunder, be made a party to the action ''for the purpose of the accounting''; further, ''that she be

served forthwith with a copy of this judgment; that she, as well as the plaintiff, be served by the defendant trustee with a copy of the account . . . that said Edith W. Crose, as well as the plaintiff, serve and file herein her objections and exceptions to such account and the same be set for hearing and determination, upon motion of any of the three parties to such accounting. . . . That plaintiff have a personal judgment, with costs, against the defendant, for any and all'' income found to be due and payable to the plaintiff after the court ''shall have passed upon said account and rendered its decision thereon,'' and that said Edith W. Crose should have a personal judgment against the defendant trustee for any sums found to be due her as a result of such accounting.

It is asserted that, as there is no appeal from the interlocutory judgment, any appeal from the final judgment would be inadequate and that the petitioner is therefore entitled to the writ of prohibition to restrain the exercise of jurisdiction by the respondent court until the additional parties have been brought in.

The petitioner contends that all beneficiaries of a trust are indispensable parties; that without their presence the trial court has no jurisdiction to proceed; that Edith W. Crose, Janet C. Stanley, Catherine C. Crose and Henry T. Stanley, Jr., are beneficiaries of the trust and are therefore such indispensable parties; also that the respondent court had no jurisdiction to enter a judgment in favor of Edith W. Crose until she had been made a party as provided by section 389 of the Code of Civil Procedure.

The interlocutory judgment is declaratory of the right of Edith W. Crose, when she shall have been brought in as a party by the service of summons as required by law (section 410, Code of Civil Procedure), to a personal judgment against the trustee, if any amounts be shown to be due her by the accounting. The interlocutory judgment does not serve as such personal judgment against the trustee. A personal judgment, it is assumed, will not be entered until the court has acquired jurisdiction of Edith W. Crose as a party in the action, and after an opportunity has been given to her to file any pleadings she may be entitled to file and to be heard on any objections she may timely make. Likewise, the entry of the interlocutory judgment does not prevent the defendants in the action from

urging error in the accounting, or otherwise, upon appeal from the final judgment.

It may be assumed that under the law the beneficiaries of a trust are indispensable parties to an action involving conflicting rights between themselves or between them and the trustee. (*McPherson* v. *Parker,* 30 Cal. 455, 456 [89 Pac. 129]; *O'Connor* v. *Irvine,* 74 Cal. 435 [16 Pac. 236]; *Mitau* v. *Roddan,* 149 Cal. 1 [84 Pac. 145, 6 L. R. A. (N. S.) 275]; *Title Guarantee & Trust Co.* v. *Henry,* 208 Cal. 185 [280 Pac. 959].) But whether the writ should issue in this proceeding involves more than a mere declaration that beneficiaries of a trust are indispensable parties to such an action. It must first be shown that the parties claimed to be indispensable are beneficiaries of the trust.

In support of its contention that all the persons named in the trust declaration are beneficiaries of the trust the petitioner relies on an excerpt from the opinion in the case of *Bank of California* v. *Superior Court,* 16 Cal. (2d) 516 [106 Pac. (2d) 879], at page 521. There this court defined as indispensable parties persons who have undetermined interests in the same property, or in a particular trust fund, and one of them seeks in an action to recover the whole, to fix his share, or to recover a portion claimed by him. In that case an application for the writ of prohibition was denied because it appeared that the interests of the persons not ordered to be brought in were not involved and would not be "affected" by any decree which the trial court would or could render on the issues presented for determination. It was there recognized that the issuance of the writ of prohibition in such cases might be a matter of discretion, depending on the particular facts and circumstances.

 On the facts and issues involved in the action pending in the respondent court it likewise appears that it would not be appropriate for this Court to grant the trustee's application for the writ of prohibition. The principal issues in the action are the construction of the provisions of the trust and the determination of who are beneficiaries thereunder. Those issues were raised not only by the defendant's denials of the allegations of the complaint, but also by affirmative allegations contained in its answer. It is apparent that the trial court, for the purpose of the interlocutory decree only, and in order that all the beneficiaries of the trust might be brought in, determined that the surviving children of Juliet Guthrie Wilson, namely, F. Guthrie Wilson and Edith W.

Crose, were the sole beneficiaries of the trust. Accordingly Edith W. Crose was ordered brought into the action. In so far as the record in this proceeding is concerned, there is no showing upon which we may properly conclude that a mandatory duty rests upon the respondent court to order persons other than Edith W. Crose now to be brought into the action. In *Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667 [284 Pac. 445], at 671, it was pointed out that a mandatory duty to order other parties brought in is shown only when the trial court finds or the record indisputably discloses that such parties are indispensable to a complete determination of the controversy. (See also *Morrow* v. *Superior Court,* 9 Cal. App. (2d) 16 [48 Pac. (2d) 188, 50 Pac. (2d) 66], at pp. 26, 27, opinion of this court on denial of petition for hearing; *De Olazabal* v. *Mix,* 24 Cal. App. (2d) 258 [74 Pac. (2d) 787].) It was there stated that when the course of judicial action appeared to be mandatory, the writ of prohibition would be appropriate. It cannot be said that the record in this proceeding presents such a case. Furthermore, it is not shown that the portion of the income from the fund claimed by the plaintiff in the pending action, if the same be granted to her by the final judgment, will necessarily purport to diminish any share or income to which persons not now ordered to be brought in may become entitled under the terms of the trust. Any further review of the question of who are beneficiaries of the trust is one which properly may be considered only on an appeal from the final judgment. (*Bank of California* v. *Superior Court, supra; Fitts* v. *Superior Court,* 4 Cal. (2d) 514, 519 [51 Pac. (2d) 66, 102 A. L. R. 290].)

The petitioner has also failed to establish that its remedy by appeal will prove inadequate. The additional persons now sought to be brought into the pending action are concededly not presently entitled to any of the income from the trust concerning which the trustee has been ordered to render an accounting. If on the appeal from the final judgment such additional persons are determined to be beneficiaries of any part of the trust estate their rights to future participation in the income can be saved to them by appropriate direction. The plaintiff seeks to participate only in the income from the trust. All the parties who have any present right to such income are or will be before the court before final judgment.

In the light of the foregoing considerations the issuance of the peremptory writ would serve only to delay further the matter of the accounting by the trustee and thus postpone without reason the final disposition of the controversy.

The peremptory writ is denied.

Curtis, J., Houser, J., and Carter, J., concurred.

GIBSON, C. J., Dissenting.—I dissent. The majority opinion in the present case concludes that this court should not issue its writ of prohibition to halt the proceedings in the court below, despite the fact that the court has exceeded its jurisdiction by proceeding in the absence of an indispensable party and although further action remains to be taken by the trial court.

Stated in simplest terms, the facts are that Edith W. Crose and F. Guthrie Wilson, as the surviving issue of Juliet Guthrie Wilson, were entitled upon her death to share equally in the income from certain trust property. When F. Guthrie Wilson died in 1940, Edith W. Crose would have been entitled to the entire current income under the terms of the original trust instrument. The plaintiff, Sallyneil B. Wilson, who is the surviving wife of F. Guthrie Wilson, claims that she is entitled to receive her husband's share of the income under the terms of an amendment to the trust instrument executed in 1933. A further amendment of the trust instrument in 1935 purported, under certain conditions stated therein, to grant the plaintiff two-thirds of the share to which F. Guthrie Wilson was entitled during his lifetime. The defendant trustee refused to recognize the 1933 amendment after the death of F. Guthrie Wilson, and plaintiff brought this action to enforce the trust according to the terms of that amendment.

At the commencement of the trial the trustee objected to the jurisdiction of the court to proceed in the absence of Edith W. Crose and the other beneficiaries of the trust upon the ground that they were indispensable parties to the action. The trial court overruled this objection and proceeded to the trial with the trustee as the sole defendant. In the absence of Edith W. Crose, who would have been entitled to the entire present income under the original trust instrument, the court determined that the amendment of 1933 was valid and that the amendment of 1935 was null and void. It

determined that the plaintiff, Sallyneil B. Wilson, should "have and receive all the income therefrom and arising thereunder as long as she may live and to which said F. Guthrie Wilson would have been entitled had he survived." The court ordered that the defendant trustee make an accounting and that Edith W. Crose "be, and she is hereby made a party to this action for the purpose of the accounting to be had herein . . ." It was ordered that a copy of the judgment establishing plaintiff's right to one-half of the trust income be served upon Edith W. Crose, that she be served with a copy of the trustee's account, that she file her objections to such account, and that she as well as the plaintiff be granted a personal judgment against the trustee for the amount found to be due as a result of the accounting.

The law is settled in this state that, where one of several beneficiaries seeks to fix his share in a trust fund and where judgment in his favor would inevitably determine the amount available for others similarly situated, such other beneficiaries are indispensable parties. A judgment rendered in their absence and purporting to determine their rights is in excess of the court's jurisdiction. (*Bank of California* v. *Superior Court,* 16 Cal. (2d) 516, 521 [106 Pac. (2d) 879] ; *O'Connor* v. *Irvine,* 74 Cal. 435 [16 Pac. 236].) When such parties are indispensable to a complete determination of the controversy, the court must order that they be brought in. (Code Civ. Proc., § 389; *Mitau* v. *Roddan,* 149 Cal. 1, 7 [84 Pac. 145, 6 L. R. A. (N.S.) 275].) In the present case a determination that the plaintiff is entitled to any portion of the present income inevitably reduces the income to which Edith W. Crose is entitled and under the cases above cited she is an indispensable party to the action. This is not true, however, as to the other beneficiaries who have no interest in the income in which plaintiff seeks to establish her share. The majority opinion apparently concedes that Edith W. Crose is an indispensable party. The opinion does not hold that the action already taken by the trial court is valid in so far as it has attempted to determine the rights of Edith W. Crose in her absence. Instead, the denial of the writ of prohibition is sought to be justified upon the ground that the court belatedly ordered that Edith W. Crose be made a party for the purpose of the accounting. This does not warrant a

denial of prohibition under the facts here presented. The rights of an indispensable party cannot be protected by an order which, as indicated above, made her a party "for the purpose of the accounting." That order was made as a part of the interlocutory judgment which purported to establish the relative interests of plaintiff and Edith W. Crose in the trust income and which ordered that final judgment be entered for each of them in the amount determined to be due after the accounting. Nor is it an answer to say that any error can be corrected upon an appeal from the final judgment. The fact that an indispensable party was not present when her rights were adjudicated constitutes a fatal defect in the action below which is clearly disclosed in the present prohibition proceeding. That being so, there is no sound reason for permitting the trial court to continue to a final judgment which must inevitably be reversed upon the appeal.

Since the respondent court has proceeded in excess of its jurisdiction by purporting to determine the plaintiff's right to one-half of the trust income in the absence of Edith W. Crose and since the court has ordered that an accounting be held and final judgment be entered for plaintiff in accordance therewith, a writ of prohibition should issue both to restrain further acts of the trial court and to correct the past acts of the court in excess of its jurisdiction. It is true that ordinarily the writ of prohibition is a preventive, rather than a corrective, remedy. But, from the early case of *Havemeyer* v. *Superior Court,* 84 Cal. 327, 390 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627], down to the comparatively recent case of *Evans* v. *Superior Court,* 14 Cal. (2d) 563, 580 [96 Pac. (2d) 107], it has been consistently recognized that "the operation of the writ of prohibition is excluded only in cases where the action of the inferior tribunal is completed, and nothing remains to be done in pursuance of its void order. *If its action is not completed and ended, its further proceedings may be stayed,* and if it is necessary for the purpose of affording complete and adequate relief, *what has been done will be undone.*" (Italics added.) (*Havemeyer* v. *Superior Court, supra;* see, also, *Pierce* v. *Superior Court,* 1 Cal. (2d) 759, 782 [37 Pac. (2d) 453, 460, 96 A. L. R. 1020]; 21 Cal. Jur. 581.) Here the action of the trial court "in pursuance of its void order" is not "completed and ended," for it has ordered an accounting upon the basis of

which a final judgment is to be entered in favor of the plaintiff for the specific amount found to be due in accordance with the terms of the interlocutory judgment. The writ of prohibition is available and should be used to restrain the contemplated action of the trial court in pursuance of its invalid decree. In order to furnish complete and adequate relief, the writ should direct that the trial court correct its invalid proceedings by permitting Edith W. Crose to participate fully as a party in any action the purpose of which is to determine that plaintiff is entitled to a share in the present trust income.

The majority opinion, it should be noted, does not give validity to the acts of the court below which were in excess of its jurisdiction. Under the law of this jurisdiction, as established by the decisions of this court, the attempt to adjudicate the rights of an absent, indispensable party was futile. Those rights are unaffected by the void decree and the absent party whose interests were thus infringed may attack the decree directly or collaterally. (*Bank of California* v. *Superior Court, supra,* and cases cited therein.) The majority opinion by refusing to issue the writ merely postpones an actual determination of the rights involved in the present case.

The writ should issue.

Edmonds, J., and Traynor, J., concurred.

Petitioner's application for a rehearing was denied March 2, 1942. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a rehearing.