Filed 11/30/22  Tatum v. Kaplan CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THOMAS T. TATUM et al., | B311869 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20STCV08112) |
| v. | |
| JEFFREY A. KAPLAN, individually and as trustee, etc., | |
| Defendant, Movant and Appellant, | |
| DONNA L. KAPLAN, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Lang, Hanigan & Carvalho and Arthur Carvalho, Jr., for Defendant, Movant, and Appellant.

Freedman + Taitelman, Bryan J. Freedman and Sean M. Hardy for Plaintiffs and Respondents.

PB Law Group, Luan K. Phan and Jody M. Borrelli for Defendant and Respondent.

\* \* \* \* \* \*

Defendant, movant and appellant Jeffrey A. Kaplan (Jeffrey),[1] individually and in his capacity as the purported trustee of the interests of his former spouse, defendant and respondent Donna L. Kaplan (Donna), appeals from the trial court's order denying his motion to intervene and substitute in Donna's stead in this action brought by plaintiffs and respondents Thomas T. Tatum (Tatum) and Tatum Family Investments, LLC (TFI),[2] against Jeffrey and Donna as individuals. We affirm the trial court's order.

## BACKGROUND

The parties jointly own interests in certain business entities (the Partnership Entities) that are the subject of a

---

[1] Because Jeffrey and Donna share the same surname, we refer to them by their first names to avoid confusion; we mean no disrespect.

[2] Tatum and Claudia Tatum (Claudia), divorced in 2003. In May 2003, one-half of the interests in the Partnership Entities that are the subject of the Buy/Sell Agreement at issue was transferred to Claudia. Upon Claudia's death, her interests in the Partnership Entities were divided equally and distributed among six subtrusts for the benefit of her three children. TFI holds the interests of those six subtrusts. Tatum and TFI are referred to collectively as plaintiffs.

buy/sell agreement entered into by Jeffrey and Tatum in 1983 and amended and restated in 1998 (the Buy/Sell Agreement). Under the terms of the Buy/Sell Agreement, Jeffrey and Tatum agreed that upon the death of the first of them to die, the estate of the deceased party is obligated to sell, and the surviving party is obligated to purchase, the interests of the deceased party in the Partnership Entities.

At the time Jeffrey and Tatum entered into the Buy/Sell Agreement, Jeffrey was married to Donna and Tatum was married to Claudia. Jeffrey and Donna divorced in 1999. The court in the Kaplans' dissolution action entered a further judgment on reserved issues (FJRI) that addressed the couple's community property interests in the Partnership Entities. The FJRI requires Jeffrey to hold Donna's interests in the Partnership Entities as a trustee in trust but gives him control of those entities.

## PROCEDURAL HISTORY

Plaintiffs filed this action against Jeffrey and Donna on February 26, 2020, asserting three causes of action for declaratory relief. The first cause of action by TFI seeks a declaration that it is not bound by the terms of the Buy/Sell Agreement. The second cause of action, brought by TFI and Tatum, seeks a declaration that certain of the Partnership Entities are not subject to the Buy/Sell Agreement. The third cause of action by TFI and Tatum seeks a declaration that the Buy/Sell Agreement is void because (a) Donna advised Tatum that as a nonparty to that agreement, she is not bound by the agreement, and (b) the transfers of interests from Tatum to

3

Claudia and then to TFI and from Jeffrey to Donna render the Buy/Sell Agreement uncertain and frustrate its purpose.

Donna filed her answer to the complaint on May 27, 2020. In her answer, Donna asserted, among other defenses, that the Buy/Sell Agreement was not enforceable as to her, as she was not a party to the agreement.

Jeffrey filed a demurrer to the complaint in June 2020, arguing that the Buy/Sell Agreement was clear, unambiguous, and enforceable, and that plaintiffs failed to state a claim for declaratory relief. The trial court overruled the demurrer, and Jeffrey filed his answer to the complaint on November 23, 2020. In his answer, Jeffrey asserted that Donna is not a proper party to the action because her interests in the Partnership Entities are held in trust by him, and that he, as trustee, is a necessary and indispensable party. Jeffrey also filed a cross-complaint against plaintiffs for equitable indemnity and declaratory relief in which he sought indemnity from plaintiffs for any liability or losses resulting from breaches of representations and warranties made by certain of the Partnership Entities to lenders concerning ownership, control, and transfer of the partnership interests.

On November 25, 2020, Jeffrey filed the motion that is the subject of this appeal—a motion to intervene as trustee of Donna's interests in the Partnership Entities and to substitute in the action in her stead pursuant to Code of Civil Procedure sections 187, 379, and 387[3] and Probate Code section 552. Jeffrey argued that, as trustee, he is the only proper party in this action with respect to Donna's interests; Donna is not a proper party

---

[3] All further statutory references are to the Code of Civil Procedure unless indicated otherwise.

4

and cannot assert any claims or defenses on her own behalf; and good cause exists for his substitution as a defendant in Donna's stead.

Plaintiffs and Donna opposed the motion. Donna argued that she did not consent to Jeffrey acting as her representative in the action and that she would be irreparably harmed by his intervention or substitution on her behalf because he is taking litigation positions directly contrary to hers. Donna further argued that Jeffrey breached his fiduciary duties owed to her as trustee and that incurable conflicts precluded him from representing her interests in this action.

Plaintiffs in their opposition argued they had sued Jeffrey and Donna as individuals, Donna was a proper party who had appeared in the action, and Jeffrey was not entitled to intervene or join in the action under any of the statutes he cited.

The trial court denied Jeffrey's motion, ruling that he had not demonstrated a right to intervene as trustee of Donna's interests or to displace Donna as a defendant. The trial court noted that plaintiffs' complaint seeks declaratory relief against Donna individually, and that, in order for such relief to be binding against her, Donna must be a party to the action. The court also observed that substituting Jeffrey in Donna's place would allow him to abandon Donna's position that the Buy/Sell Agreement is unenforceable as to her. The trial court stated:

> "Whether or not [Donna's] only interest is held in trust, such that her position contrary to the Buy/Sell Agreement is not justified, is a matter to be determined on the merits. [Jeffrey] is, in effect, seeking to have this Court preemptively adjudicate such issue by way of this motion to intervene.

5

"In this regard, permitting [Jeffrey] to intervene as trustee of the interests of [Donna], even as an additional Defendant, would not appear to have any practical purpose. [Jeffrey] may seek leave to file a Cross-Complaint against [Donna] if he wishes to assert . . . her lack of standing on the ground that her only interest is held in trust."

Jeffrey did not file a cross-complaint against Donna. Instead, he filed a motion for summary judgment, or in the alternative, summary adjudication that he is the trustee of Donna's interests. The summary judgment motion remained pending at the time Jeffrey filed this appeal.

## DISCUSSION

### I.    Intervention and substitution

Jeffrey contends the trial court abused its discretion by denying his motion to intervene under section 387, subdivision (d)(1).[4] That statute provides:

"The court shall, upon timely application, permit a nonparty to intervene in the action or proceeding if either of the following conditions is satisfied:

---

[4]    California case authority is not settled on whether the denial of a request for mandatory intervention under section 387 is reviewed de novo or for abuse of discretion. (See *Edwards v. Heartland Payment Systems, Inc.* (2018) 29 Cal.App.5th 725, 732.) We need not decide which standard is correct because both parties contend the abuse of discretion standard applies and because we find no error in the trial court's ruling under either standard.

6

"(A) A provision of law confers an unconditional right to intervene.

"(B) The person seeking intervention claims an interest relating to the property or transaction that is the subject of the action and that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties." (§ 387, subd. (d)(1).)

### A.    *Standing to intervene*

Plaintiffs and Donna contend Jeffrey had no standing to intervene under section 387 because he is already a party to the action, and the statute governs intervention by a nonparty only. Jeffrey's motion to intervene makes clear, however, that he sought to intervene in his capacity as the trustee of Donna's interests.[5]

### B.    *No mandatory right to intervene*

To establish a right to mandatory intervention under section 387, subdivision (d)(1), Jeffrey bears the burden of demonstrating (1) a protectable interest in the subject of the action, (2) disposition of the action in his absence may impair or impede his ability to protect that interest, and (3) his interests are not adequately represented by the existing parties. (*Edwards v. Heartland Payment Systems, Inc., supra*, 29 Cal.App.5th at p. 732.) Jeffrey fails to meet that burden.

---

[5]    We reject plaintiffs' and Donna's contention that we lack jurisdiction to consider Jeffrey's appeal because his motion was not a proper motion to intervene under section 387.

Jeffrey's interest in this action as trustee is to protect Donna's interest in the Partnership Entities as a trust beneficiary. He fails to establish that Donna's interest in that regard is not being adequately protected by Donna's appearance and participation in the action.

Although Jeffrey purports to represent Donna's beneficial interest in the Partnership Entities, his interest in the action as an individual and the litigation positions he has taken conflict with Donna's interests and her litigation position. Donna's stated position is to have the Buy/Sell Agreement determined to be unenforceable as to her. Jeffrey's position, as set forth his trial court pleadings, is to confirm the validity and enforceability of the Buy/Sell Agreement in its entirety.

The trial court also did not err by denying Jeffrey's motion to displace Donna as a defendant. As the trial court noted, plaintiffs have sued Donna individually for declaratory relief in connection with the Buy/Sell Agreement. For that relief to be enforceable against Donna, she must be an individual defendant in this action. (*Fazzi v. Peters* (1968) 68 Cal.2d 590, 594.) Donna claims the Buy/Sell Agreement is unenforceable against her as a nonparty to that agreement. Donna's litigation position appears to be in direct conflict with that of Jeffrey, who seeks to confirm the validity and enforceability of the Buy/Sell Agreement. The existence of such conflict necessitates Donna's continued presence and participation as a party to this action. (See *First Nat. etc. Bank v. Superior Court* (1942) 19 Cal.2d 409, 414 [beneficiaries of a trust are indispensable parties in an action involving conflicting rights between them and the trustee]; see also *Straube v. Security First Nat. Bank* (1962) 205 Cal.App.2d 352, 360-361 [trustee's ability to sue or defend action without joining beneficiaries

8

excludes circumstances involving conflicting interest on part of trustee].)

Jeffrey's reliance on case authority holding that a trustee as the sole power and authority to prosecute or defend litigation on behalf of the trust is misplaced. (See, e.g., *Presta v. Tepper* (2009) 179 Cal.App.4th 909, 914; *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344.) Plaintiffs' action is not against the purported trust, but against Donna and Jeffrey as individuals. The action seeks declaratory relief with regard to the validity and enforceability of the Buy/Sell Agreement. It does not seek to compel Donna to do anything with regard to her interests in the Partnership Entities. Case law and statutes pertaining to a trustee's authority are therefore inapposite.

The trial court did not err by denying Jeffrey's motion to intervene and substitute in Donna's place as a defendant in this action.

## II. Joinder of indispensable party

The criteria for compulsory joinder of an indispensable party are virtually identical to those for mandatory intervention. (*Hodge v. Kirkpatrick Development, Inc*. (2005) 130 Cal.App.4th 540, 556; see § 389, subd. (a).) Section 389, subdivision (a) provides that a person who may be properly joined as a party in an action "shall" be so joined in certain circumstances: "if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his

9

claimed interest." We review a trial court's determination regarding an indispensable party under section 389 for abuse of discretion. (*County of Imperial v. Superior Court* (2007) 152 Cal.App.4th 13, 25.)

For the reasons discussed above, the trial court did not abuse its discretion by concluding that Jeffrey in his capacity as trustee of Donna's interests is not an indispensable party who must be joined in this action. Donna's interests are being adequately protected by her appearance and participation in the action. Allowing Jeffrey's joinder as trustee would conflict with Donna's stated interests and would impede or impair her ability to protect those interests.

## DISPOSITION

The order denying Jeffrey's motion to intervene as trustee of the interests of Donna and to displace Donna as a defendant is affirmed. Plaintiffs and Donna shall recover their costs on appeal.

                                                    _____
                                                    CHAVEZ, Acting P. J.

We concur:

_____        _____
HOFFSTADT, J.                         SEGAL, J.*

---

*        Associate Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.