[No. C049231. Third Dist. Apr. 28, 2006.]

RYAN HAYES, a Minor, etc., Plaintiff and Appellant, v.
State DEPARTMENT OF DEVELOPMENTAL SERVICES et al.,
Defendants and Respondents;
ALTA CALIFORNIA REGIONAL CENTER Real Party in Interest and
Respondent.

**COUNSEL**

Varma & Clancy and Bob N. Varma for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Thomas R. Yanger, Assistant Attorney General, Margarita Altamirano and Barbara Haukedalen, Deputy Attorneys General, for Defendants and Respondents.

Enright & Ocheltree and Robert Collings Little for Real Party in Interest and Respondent.

## Opinion

**ROBIE, J.**—Ryan Hayes, by and through his guardian ad litem, filed a petition for peremptory writ of administrative mandamus (Code Civ. Proc., § 1094.5) challenging the decision of an administrative law judge (ALJ) provided by the Department of General Services, Office of Administrative Hearings (OAH). The decision affirmed the termination of funding for the educational portion of Hayes's "In-Home Discrete Trial Program." In his writ petition, Hayes named as a respondent the State Department of Developmental Services (the Department), the agency which contracted with OAH to provide the ALJ. (Welf. & Inst. Code,[1] § 4712, subd. (b).) The trial court dismissed the petition because Hayes failed to join OAH as a party before the 90-day statute of limitations had expired, reasoning that "effective relief" could not be granted in the absence of OAH.

On appeal, Hayes contends OAH is not a necessary or indispensable party and, therefore, the trial court abused its discretion in dismissing his petition. We agree and shall reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ryan Hayes, who was 10 years old at the time of the underlying litigation, suffers from autism. He has been receiving "service agency services" since he was two years old. On December 5, 2003, Alta California Regional Center (Alta) notified Hayes's parents it was denying ongoing funding for the educational portion of their son's "In-Home Discrete Trial Program" because the goals of the program were "educational and not the regional center[']s responsibility to fund." It informed them they could "file an appeal with the Department of Developmental Services on the enclosed Fair Hearing Request form."

On December 7, 2003, Hayes's parents filled out the fair hearing request form. An ALJ from OAH conducted the hearing in February and March of 2004. On June 11, 2004, the ALJ issued an order affirming Alta's decision, reasoning that Alta could terminate funding for the educational portion of Hayes's "In-Home Discrete Trial Program" because the local school district was responsible for teaching Hayes the majority of skills that were goals of the program. The ALJ informed the parties that his order was a "final administrative decision" by which they were bound and either party could appeal to a court of competent jurisdiction within 90 days.

On September 9, 2004—90 days after the ALJ had issued his decision—Hayes filed a petition for writ of mandate in the superior court. Hayes named

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

himself as petitioner, the Department and its director as respondents, and Alta as the real party in interest.

Alta answered the petition and raised as an affirmative defense Hayes's failure to join OAH and/or its director as a party or parties. Alta requested that the court dismiss the petition and enter judgment against Hayes.

The Department filed a notice of appearance stating it would not take an active part in the litigation. It also noted that Hayes had failed to name OAH as a respondent or a real party in interest even though OAH "appear[ed] to be an indispensable or necessary party."

On February 25, 2005, the trial court dismissed Hayes's petition. The court reasoned that the decision being challenged was one made by an ALJ from OAH and not one made by the Department. If the court were to find the decision to be an abuse of discretion, the appropriate relief would be a writ of mandate directing the "decisionmaker" to set aside the decision and enter a new and different one consistent with the ruling of the court. However, Hayes failed to name the decision maker as a party, the 90 days to do so had passed, and effective relief could not be granted. The court "conclude[d] that in equity and in good conscience the action should not proceed among the parties before it and that the action should be dismissed."

On March 11, 2005, the court entered judgment of dismissal against Hayes. Hayes filed a timely appeal.

## DISCUSSION

### I

### *Necessary or Indispensable Parties*

Hayes contends that OAH is not a necessary or indispensable party to the action because "OAH acted as a neutral, judicial tribunal" that had "no discernable interest in the outcome of the writ of administrative mandamus proceedings."

Alta and the Department argue that OAH is a necessary and indispensable party because, as the trial court reasoned, a writ granting Hayes's petition would have to be directed to OAH and would be ineffective because OAH is not a party to the action. We disagree.

■ A necessary party is one "(1) in [whose] absence complete relief cannot be accorded among those already parties or (2) [who] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of [those] already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest." (Code Civ. Proc., § 389, subd. (a).)

A necessary party is "regarded as indispensable" if the court determines "in good conscience" the action must be dismissed in the party's absence in light of "(1) [the] extent [to which] a judgment rendered in the [party's] absence might be prejudicial to [it] or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the [party's] absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (Code Civ. Proc., § 389, subd. (b).)

Whether a party is necessary and/or indispensable is a matter of trial court discretion in which the court weighs "factors of practical realities and other considerations." (*Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 568 [106 Cal.Rptr.2d 14]; see *Deltakeeper v. Oakdale Irrigation Dist.* (2001) 94 Cal.App.4th 1092, 1100 [115 Cal.Rptr.2d 244] [a determination that a party is necessary is the predicate for a determination of whether the party is indispensable].) We review the trial court's ruling for abuse of discretion. (*Kaczorowski*, at p. 568.)

II

*The Lanterman Act*

To understand the roles of Alta, the Department, and OAH in these proceedings and, thus, to determine whether OAH is a necessary and/or indispensable party, we begin with a review of the relevant portions of the Lanterman Developmental Disabilities Services Act (Lanterman Act) under which the litigation in this case arose. (§ 4500 et seq.)

■ Pursuant to the Lanterman Act, the Department "has jurisdiction over the execution of the laws relating to the care, custody, and treatment of developmentally disabled persons." (§ 4416.) Regional centers such as Alta

are operated by private nonprofit corporations under contract with the Department (§ 4621) and are charged with providing developmentally disabled persons "access to the services and supports best suited to them throughout their lifetime" (§ 4620, subd. (a)).

A recipient of services such as Hayes who is dissatisfied with a decision or action of a service agency is entitled to a fair hearing. (§ 4710.5, subd. (a).) This "appeal" must be filed with the "responsible state agency"—in this case, the Department. (§ 4703.6.) The recipient of services or his or her representative must make the request for a fair hearing in writing on a form provided by the service agency and direct the request to the director of the service agency. (§ 4710.5, subds. (a), (b) & (d).) Upon receipt of the hearing request, the service agency must facsimile a copy to the director of the responsible state agency. (§ 4710.5, subd. (d).)

The Department is required to "contract for the provision of independent hearing officers" to conduct the hearing. (§ 4712, subd. (b).) The agency that contracts with the Department for the provision of hearing officers may be considered a "designee" of the Department for certain purposes.[2] (§ 4704.5.)

At the fair hearing, a claimant such as Hayes has "[t]he opportunity to be present in all proceedings and to present written and oral evidence"; "[t]he opportunity to confront and cross-examine witnesses"; "[t]he right to appear in person with counsel or other representatives of his or her own choosing"; and "[t]he right to access to records." (§ 4701, subd. (f).)

Within 10 days of the fair hearing, the hearing officer must "render a written decision" containing "a summary of the facts, a statement of the evidence from the proceedings that was relied upon, a decision on each of the issues presented, and an identification of the statutes, regulations, and policies supporting the decision." (§ 4712.5, subds. (a) & (b).)

The hearing officer must "transmit the decision to each party and to the director of the responsible state agency" and notify them "this is the final administrative decision, that each party shall be bound thereby, and that either party may appeal the decision to a court of competent jurisdiction within 90 days of . . . receiving notice of the final decision." (§ 4712.5, subd. (a).)

---

[2] Alta and the Department request judicial notice of the contracts entered into between the Department and OAH during the time period relevant to this appeal. The request is granted.

## III

### *OAH Is Not a Necessary or Indispensable Party*

Focusing on the finality of the decision issued by the ALJ, Alta and the Department argue that Hayes's failure to join OAH as a party "was fatal to his action." The finality of the ALJ's decision, however, is but one aspect of the statutory scheme.

■   As the responsible state agency, the Department has various roles in the fair hearing process under the statutory scheme. (See, e.g., § 4710.9, subd. (a) [if a claimant is satisfied with the decision of the service agency following an informal meeting and withdraws the request for a fair hearing, the service agency must immediately forward to the director of the Department a copy of the withdrawal]; § 4711 [the director of the Department must notify the parties of information applicable to fair hearings]; § 4711.5, subds. (b) & (c)(1) [if a claimant requests mediation, the service agency must immediately send notice of the service agency's decision to accept or decline mediation to the Department]; § 4711.7, subd. (a) [if issues involved in the mediation are resolved, the mediator must immediately forward the withdrawal of the fair hearing request to the director of the Department]; § 4711.7, subd. (b) [if issues are not resolved, the mediator must immediately notify the director of the Department]; § 4712, subd. (b) [the Department is responsible for contracting for provision of hearing officers]; § 4712.5, subd. (a) [the hearing officer's written decision must be transmitted to the Department].)

To act in its place and perform these roles, the Department may appoint a designee. (§ 4704.5.) A "designee" is "one who is designated or delegated." (Webster's 3d New Internat. Dict. (1971) p. 612, col. 2.) To "delegate" means to send as one's representative. (*Id.*, p. 596, cols. 1–2.)

The contracts between the Department and OAH unequivocally demonstrate OAH is the Department's designee with respect to the Lanterman Act fair hearing procedure. OAH has contracted to "calendar, schedule and notice hearings in a manner, number, place and time that meet legal mandates and are agreeable to OAH and the [Department's] Contract Manager," to "convene hearings and issue final decisions in a manner consistent with Lanterman Act requirements," and to submit to the Department "[c]opies of all final decision, and prehearing orders, including orders granting continuances, notices of hearing dates, notices of continued hearings, dismissals and orders

addressing other prehearing matters, issued in Lanterman Act fair hearings." In performing these roles, therefore, OAH is acting as a representative of the Department.

Had the court granted Hayes's writ, it would have directed "respondent[s]"—in this case the Department and its director—to set aside the decision issued by the ALJ from OAH. (Code Civ. Proc., § 1094.5, subd. (f).) Given the statutory and contractual relationship between the Department and OAH, there is no bar to the Department and its director setting aside the decision made by their representative. If the basis for the trial court's ruling were procedural defects in the manner the hearing was held, the Department and its director could direct OAH as their representative to hold another fair hearing free of those procedural defects. If the basis for the trial court's ruling were a finding that the ALJ's decision was an abuse of discretion, the Department and its director could direct OAH as its representative to enter a new and different decision consistent with the trial court's ruling. In that situation, Alta would have to fund the educational portion of Hayes's "In-Home Discrete Trial Program," as Alta was under contract with the Department to provide developmentally disabled persons such as Hayes access to services. (§§ 4620, subd. (a), 4621.) Therefore, Hayes can be accorded complete relief among those who are already parties without the need to join OAH.[3] (*Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 793–794 [82 Cal.Rptr.2d 63], citing Code Civ. Proc., § 389, subd. (a)(1).)

Moreover, OAH will suffer no harm from Hayes's failure to join OAH as a party. (*Countrywide Home Loans, Inc. v. Superior Court, supra,* 69 Cal.App.4th at pp. 795–796, citing Code Civ. Proc., § 389, subd. (a)(2)(i).) The subject of the underlying litigation in this case is the validity of Alta's decision to deny ongoing funding for the educational portion of Hayes's "In-Home Discrete Trial Program." OAH's role in this litigation is limited to providing a hearing officer to preside over the fair hearing between Hayes and Alta. The only possible interest of OAH is upholding the administrative decision issued by the ALJ affirming Alta's termination of funding. As the

---

[3] This is consistent with the position taken in the Continuing Education of the Bar volume on administrative mandamus: "Ordinarily, a subordinate official or hearing officer should not be named by title or otherwise as a respondent in an administrative mandamus proceeding unless: final decisionmaking authority has been delegated to that subordinate official or hearing officer, *and* the delegating statute expressly provides that the subordinate official or hearing officer be named by title as respondent. Absent such a statute, the appropriate named respondent is the delegating authority." (1 Cal. Administrative Mandamus (Cont.Ed.Bar 2005) Identifying Respondent and Real Party in Interest, § 8.11, p. 312, italics added.)

Here, the statutes delegating the final decisionmaking authority to the hearing officer do not *expressly provide that the hearing officer from OAH be named as respondent.* (§§ 4712, subd. (b), 4712.5, subd. (a).) To the contrary, as we have explained, OAH and its hearing officer act only as representatives of the Department.

party that made the original decision to deny ongoing funding for the educational portion of Hayes's "In-Home Discrete Trial Program," Alta has the strongest interest in upholding the decision by the ALJ. Our review of the record, which contains Alta's answer and opposition brief to Hayes's petition for writ of mandate, makes clear Alta will present a vigorous defense of the administrative decision. There is, therefore, no interest of OAH's that will go unprotected by the failure to join OAH as a party. Indeed, the trial court's ruling points to no harm that OAH might suffer.

Finally, we consider whether the existing parties might suffer any harm because OAH is not joined. (*Countywide Home Loans, Inc. v. Superior Court*, *supra*, 69 Cal.App.4th at p. 796, citing Code Civ. Proc., § 389, subd. (a)(2)(ii).)

Alta and the Department argue on appeal that a judgment for writ of mandate would be vulnerable to collateral attack by OAH. In support of their proposition, they cite *Kaczorowski v. Mendocino County Bd. of Supervisors*, *supra*, 88 Cal.App.4th at page 564. In that case, the Mendocino County Planning Commission approved a permit for the construction of an inn without requiring preparation of an environmental impact report. (*Id.* at p. 566.) The Sierra Club and other interested groups appealed the decision to the Mendocino County Board of Supervisors (Board), which upheld the decision of the planning commission. (*Ibid.*) The opponents of the inn appealed the Board's decision to the California Coastal Commission (the Commission). (*Id.* at pp. 566–567.) After a de novo hearing, the Commission granted a permit for the inn. (*Ibid.*) Kaczorowski filed a petition for mandamus and injunctive relief naming the Board as defendant and the landowners where the inn was to be built as the real parties in interest seeking mandamus commanding the Board to set aside its approval of the project. (*Id.* at p. 567.) In their answer, the real parties in interest raised as an affirmative defense Kaczorowski's failure to join the Commission. (*Ibid.*) Three months later, Kaczorowski moved for a peremptory writ of mandate pursuant to Code of Civil Procedure section 1094.5. (88 Cal.App.4th at p. 567.) The trial court denied the petition, finding the Commission was an indispensable party. (*Ibid.*) The appellate court affirmed, reasoning it was the Commission, not the Board, that issued the permit to build the inn after a de novo hearing, and if the trial court had entered a judgment against the Board, that judgment would be vulnerable to collateral attack by the Commission. (*Id.* at pp. 570–571.)

This case is readily distinguishable. While an ALJ from OAH affirmed Alta's decision to terminate funding of Hayes's "In-Home Discrete Trial Program," OAH was acting as the representative of the Department. If the court had entered judgment against the Department, the judgment would have bound OAH as the representative of the Department and would not have been

vulnerable to collateral attack. There is, therefore, no harm that Alta or the Department might suffer because OAH is not joined as a party.

■ Accordingly, OAH is not a necessary party, let alone an indispensable one, and the trial court abused its discretion in dismissing Hayes's petition.

## DISPOSITION

The judgment is reversed. Hayes shall recover his costs on appeal. (Cal. Rules of Court, rule 27(a)(1).)

Davis, Acting P. J., and Cantil-Sakauye, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied July 26, 2006, S144247.