Filed 12/18/23  Pietro Family Investments v. California Coastal Commission CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PIETRO FAMILY INVESTMENTS, LP,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA COASTAL COMISSION,<br><br>Defendant and Respondent. | H049920<br>(Monterey County<br>Super. Ct. No. 20CV002395) |

This appeal initially concerned two undeveloped lots in the Carmel Point neighborhood of unincorporated Monterey County that are owned by appellant Pietro Family Investments, LP (Pietro).  The lots are located on 26307 Isabella Avenue (Isabella) and 26338 Valley View Avenue (Valley View).  Pietro applied for coastal development permits to build single-family dwellings on the Isabella and Valley View lots.  Pietro proposed that both developments would include subsurface basements that would require significant excavation and grading.  In December 2018, the Monterey County Planning Commission approved conditional permits.  A public interest organization ultimately filed appeals with the California Coastal Commission (the Commission).  In November 2019, the Commission found that the approval of the two permits raised a substantial issue of conformance with the County's local coastal program (LCP).  After its de novo review of the permit applications, on July 9, 2020, the

Commission approved the two permits with conditions. The one condition significant to this dispute is Special Condition 1 that prohibited the construction of the proposed basements for the two projects.

Pietro filed a petition for writ of administrative mandate in the court below, asserting various challenges to the Commission's action. The superior court denied the petition on January 24, 2022, and judgment was entered on March 5, 2022.[1]

Until recently, Pietro's appeal challenged the denial of its writ petition as to the two Commission-issued permits for the Isabella and Valley View sites. This court has been informed by Pietro that, as a result of a recent change in plans by the owner, the appeal as to the Isabella property is now moot, and both parties agree with this assessment.[2] Accordingly, the appeal concerns only the denial of the writ petition challenging the Commission-issued permit for the Valley View property.

Pietro argues on appeal that "[t]he Monterey LCP requires mitigation only for developments on 'parcels where archaeological or other cultural sites *are located*.' " (Original italics.) Pietro asserts that there was no evidence, let alone substantial evidence, that archeological resources existed on the Valley View site that would justify

---

[1] The administrative and judicial proceedings below involved a third adjacent property located on 26346 Valley View Avenue (hereafter, the Adamski lot) that is owned by Chris Adamski, Courtney Adamski, Emerson Development Group, Inc., and Valley Point, LLC (collectively, Adamski). Pietro and Adamski sought combined development permits, and each application proposed construction of subsurface basements. Adamski participated in the administrative appeal before the Commission and joined in the petition for writ of mandate challenging the Commission's decision. Adamski, however, did not join in this appeal.

[2] Pietro noted in its reply brief that it and its codeveloper had recently agreed to seek a further subdivision of the Isabella property into two separate lots, and that this circumstance "necessarily [made] any reinstatement of the earlier County permit approval (or a new approval absent conditions) an impossibility." Pietro noted further that counsel for both parties "agree that circumstances have changed such that the appeal is moot as to [the Isabella] property. In the alternative, they agree that there is no longer standing as to that property because the Court now lacks the ability to issue the previously-sought relief."

2

the Commission's requirement of mitigation measures in the permit, which, in this instance, was the prohibition of construction of the basement proposed in the plan (Special Condition 1). Pietro argues that because the Commission had no evidence that there were archaeological resources on the sites "and merely speculated that they may exist, it could not impose an arbitrary condition designed to avoid those (nonexistent) resources."

The Commission asserts, inter alia, that in granting the Valley View permit with conditions, it properly interpreted and applied the provisions of the County LCP in concluding that the extensive excavation required for the basement and its foundation did not avoid or minimize impacts on archaeological resources consistently with the LCP. The Commission contends that the record showed that the site is in the Carmel Point neighborhood, which "is an area of high archaeological sensitivity and significance, and the project sites are located within the boundaries of a known and recorded archaeological resource area. There are nine previously recorded prehistoric sites within less than a kilometer of the sites, and in July 2019, Native American bones were unearthed just one block away." The Commission argues further that substantial evidence supported its decision to approve the permit, subject to Special Condition 1.

In addition to asserting these substantive matters in response to Pietro's appellate challenges, the Commission raises the threshold argument that the appeal is moot and should be dismissed. It contends that the permit challenged by Pietro herein has expired and that this court cannot grant any effective relief.[3]

---

[3] The Commission's argument concerning mootness was raised in its respondent's brief, and it concerned Pietro's appeal as to both the Valley View and Isabella permits. Since the filing of that brief, Pietro has, as noted in its reply brief, essentially withdrawn any opposition it might have to the contention that the appeal is moot as to the Isabella permit.

We conclude that the appeal is moot and that this is not an appropriate case to exercise our discretion to decide the matter notwithstanding its mootness. Accordingly, we will dismiss the appeal.

## I.     PROCEDURAL BACKGROUND[4]

On July 25, 2017, Pietro and Adamski filed applications with the Monterey County Resources Management Agency for three combined development permits for the Pietro lots and Adamski lot. The applications pertaining to the two Pietro lots sought the construction of (a) a 3,397-square-foot single family dwelling with a 437-square-foot attached garage and a 1,366-square-foot basement (the Isabella site); and (b) a 2,285-square-foot single-family dwelling with a 450-square-foot attached garage and a 1,687-square-foot basement (the (26338) Valley View site). The third site that was included in the applications—the Adamski lot (26346 Valley View Avenue) that is not a subject of this appeal—involved a proposed 3,028-square-foot single-family dwelling with a 440-square-foot attached garage and a 2,413-square-foot basement. The Monterey County Planning Commission approved the three permits on December 5, 2018. Two organizations appealed the permit approval; their appeals were denied on April 23, 2019, by the Monterey County Board of Supervisors (County Board). The County Board found that all consulting archaeological experts had determined there was no evidence that Native American burial or cultural resources existed on the three lots. The County-issued permits required nonetheless as a condition of the permits that an archaeologist and a qualified Native American monitor the archaeological resources during grading, excavation, and construction. After the permits were approved, Pietro and Adamski procured additional archaeological studies using ground penetrating radar and geoprobing

---

[4] The procedural background presented herein is taken largely from the verified petition for writ of administrative mandate filed in the court below by Pietro and Adamski.

4

technologies; these tests did not result in the discovery of archaeological or cultural resources.

On June 6, 2019, two organizations filed an appeal with the Commission challenging the County-issued permits. On November 1, 2019, the Commission concluded that it had jurisdiction to hear the appeal, finding that a substantial issue was raised by the development permits. Following an objection to jurisdiction filed by Pietro and Adamski, the Commission on November 13, 2019, found that the County's approval of the permits raised a substantial issue of conformance with the LCP. After a July 9, 2020 hearing, the Commission adopted the recommendation of its staff that the permits be approved subject to certain conditions, including Special Condition 1 that prohibited construction of the basements.

On September 8, 2020, Pietro and Adamski filed a petition for writ of administrative mandate with the trial court alleging four causes of action. They contended, inter alia, that the findings of the Commission in the administrative de novo appeal of the County-issued permits were not supported by substantial evidence. The petitioners alleged that the Commission cited no evidence—and it had in fact acknowledged the absence of such evidence—of the existence of any archaeological resources on the three lots, but the Commission "acted '[n]otwithstanding the findings' of the numerous archaeological surveys performed on Petitioners' properties."

After a hearing on November 29, 2021, the court filed its formal order on January 24, 2022. In denying the petition for writ of mandate, the trial court, inter alia, found that (1) the Commission's imposition of Special Condition 1 in approving the permits was not founded upon an incorrect reading of the LCP; (2) substantial evidence supported the Commission's findings "that the proposed projects were inconsistent with the Carmel LUP's [Land Use Plan's] policy regarding the minimization or avoidance of impacts to archaeological resources," and "[that] Special Condition 1 . . . was required to bring the projects in conformity with the County LCP"; (3) the three lots were "located in

5

the LCP-designated Sensitive Archaeological Resource Area CA-MNT-17 and within a block of the boundaries of two additional known cultural sites"; (4) there were "nine previously recorded prehistoric sites . . . located within less than one kilometer (0.6 miles) of the Project Sites"; (5) "Petitioners' own archaeological studies acknowledged the Sites are located in an archaeologically sensitive area with numerous previously recorded prehistoric sites located within one kilometer of the parcels"; (6) "Native American remains *have* actually been found in very close proximity to the site"; (7) it could be reasonably inferred that "sensitive archaeological resources could exist on the Sites"; (8) there was substantial evidence supporting the Commission's conclusions that the proposed projects " 'd[id] not reflect the fact that the parcels are located within a known recorded archaeological resource site' and . . . the Projects would have the tendency to '*maximize* landform and alteration' on the Sites 'as opposed to *avoiding* sensitive areas and *limiting* landform alternation and grading' "; and (9) there was substantial evidence supporting the Commission's conclusion that, although "full avoidance of impacts to archaeological resources was not feasible, . . . impact minimization could be achieved by eliminating the basements which would allow development to proceed while appropriately protecting archaeological resources." (Original italics.)

Judgment denying the petition for writ of mandate was filed on March 5, 2022. Pietro filed a notice of appeal from the judgment.

## II.    DISCUSSION

### A.    Commission's Mootness Contentions

The Commission argues in its respondent's brief that the appeal is moot and should be dismissed. The gist of its position follows.

A condition of the Commission-issued permit for the Valley View site was that it would expire two years after the date the Commission voted on the application unless development had commenced. The two-year period expired July 9, 2022 (approximately

6

four months after entry of judgment).  Pietro did not apply for an extension.  Pietro could have also sought a stay of the administrative decision being appealed by filing a petition for writ of supersedeas with this court.  (See Code Civ. Proc., § 1094.5, subd. (g).)  Pietro did not do so.

The Commission argues, therefore, that even if this court found merit to Pietro's contentions, it could not grant any effectual relief.  The Commission-issued permit has expired.  The County permit, superseded by the issuance of the Commission permit, is of no force and effect.  The Commission argues that Pietro therefore would be required, even if it were to prevail, to submit a new permit application to the County for the proposed development of the Valley View site.  The Commission thus relies on the following principle:  " 'When no effective relief can be granted, an appeal is moot and will be dismissed.'  [Citations.]"  (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 (*MHC Operating*).)

## B.  Pietro's Response Concerning Mootness

The principal argument by Pietro in response to the Commission's claim that the appeal is moot is that *it is irrelevant* that the Commission-issued permit for the Valley View site has expired.  Pietro contends that it does not seek to build under that permit; rather, Pietro seeks to build *under the original County-issued permit*.  Pietro argues that the Commission-issued permit is not germane because the Commission's actions are "void," because it "could not reasonably have found that Pietro's County-approved permit[] raised a substantial issue under the certified LCP."

Additional arguments asserted by Pietro are addressed below.

## C.  Request for Judicial Notice

In conjunction with the filing of its respondent's brief, the Commission filed a request for judicial notice under Evidence Code sections 452 and 459.  Attached to the request was the declaration of Kevin Kahn, district manager of the Commission's Central Coast District Office.  Kahn stated that the two Pietro permits (Valley View and Isabella)

7

and the Adamski permit were issued by the Commission on July 9, 2020, and, under the terms of the permits, they expired on July 9, 2022, if no building had commenced by that date. Based upon his review of the Commission's records, Kahn declared that there had been no application by Pietro to extend the permits, and the Commission did not issue any extensions.

Pietro does not oppose the Commission's request for judicial notice. Nor does it dispute the facts stated in Kahn's declaration.

As a general rule, appellate courts "do not take judicial notice of evidence not presented to the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) This is based upon the fundamental principle that "an appellate court will consider only matters which were part of the record at the time the judgment was entered. [Citation.]" (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) An exception to this rule exists in cases in which "subsequent events have caused issues to become moot [citation]." (*Ibid.* [court takes judicial notice of records demonstrating plaintiff's postjudgment insolvency].)

We will deny the Commission's request for judicial notice. However, we will deem the Commission's request for judicial notice and supporting declaration that accompanied its respondent's brief to constitute a motion to dismiss the appeal on the grounds of mootness. (See Cal. Rules of Court, rule 8.54(a); see, e.g., *In re M.F.* (2022) 74 Cal.App.5th 86, 111, fn. 10.) Further, while we decline to take judicial notice, as requested by the Commission, of the facts set forth in the Kahn declaration,[5] we will consider the statements in the declaration as to matters occurring after the judgment

_____

[5] " 'Courts may not take judicial notice of allegations in affidavits, declarations and probation reports in court records because such matters are reasonably subject to dispute and therefore require formal proof.' [Citation.]" (*Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 145.)

8

under Code of Civil Procedure section 909[6] to determine whether the appeal is moot. (See *Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 920, fn. 2 [court would consider postjudgement facts under Code. Civ. Proc., § 909 in addressing claim that appeal was moot].)

### D. The Appeal Is Moot

#### 1. Case Law

"It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557 (*Daily Journal*); see also *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.) Thus, appellate courts will neither decide moot controversies nor render decisions on abstract propositions. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) And "[a] case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating*, *supra*, 106 Cal.App.4th at p. 214; see also *In re David B.* (2017) 12 Cal.App.5th 633, 644, 219 Cal.Rptr.3d 108 [" '[t]he critical factor in considering whether [an] appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error' "].)

Generally speaking, when an appeal is determined to be moot, the appellate court, rather than proceeding to a formal judgment, will dismiss the appeal. (*Delta Stewardship*

---

[6] "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. . . . The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require." (Code Civ. Proc., § 909.)

*Council Cases* (2020) 48 Cal.App.5th 1014, 1054.) The burden to establish that an appeal is moot generally lies with the party asserting mootness. (See *Smith v. State Savings & Loan Assn.* (1985) 175 Cal.App.3d 1092, 1100.) A question of mootness may be raised by the appellate court sua sponte. (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479-480.)

There are a wide variety of circumstances in which events occurring during the pendency of an appeal will render the appeal moot and subject to dismissal. For instance, where the City of Los Angeles challenged the way the County of Los Angeles allocated property tax proceeds, it was held that the subsequent passage of state Proposition 13, which dramatically changed the method of allocating property tax receipts to counties, rendered the appeal moot. (See *City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 958-959.) In another case, a postjudgment amendment to a city rent control ordinance enacted to comply with a trial court's writ of administrative mandamus was held to have rendered moot any appellate challenge by the city to the issuance of the writ. (*MHC Operating*, *supra*, 106 Cal.App.4th at pp. 214-215.) In a third example, an objector's challenge under the California Environmental Quality Act (CEQA) to an environmental impact report issued in connection with a construction project (which included a public park) was held moot when, during the pendency of the appeal, the project was completed and was opened to the public; it was concluded that no effective relief could be granted to the objector. (*Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538, 1547-1551 (*Santa Monica Baykeeper*).)

The parties have not identified any cases in which appellate courts have directly considered the issue of mootness in the context presented here: where a building permit that was the subject of the writ proceeding below expired before the matter was heard and

10

decided on appeal.[7]  There are, however, cases we find useful in which courts have found, under circumstances somewhat analogous to this case, the appellants' claims to be moot.

In *County Sanitation Dist. No. 2 v. County of Kern* (2005) 127 Cal.App.4th 1544 (*County Sanitation Dist. No. 2*), three sanitation agencies (among others) filed a writ petition and a complaint challenging a County of Kern ordinance requiring heightened treatment standards for the application of sewage sludge on land located within the County's jurisdiction.  (*Id.* at pp. 1557, fn. 2, 1576.)  The petitioners alleged that the County had violated CEQA and that it had enacted the ordinance in violation of its police powers.  (*Ibid.*)  In the County's cross-action against the petitioners, it challenged several contracts and contract extensions made by petitioners related to their biosolids transportation and disposal programs.  (*Id.* at pp. 1625-1626.)

One portion of the cross-action in *County Sanitation Dist. No. 2* concerned the County's challenge to an amendment to the contract of one sanitation agency (one of the petitioners) involving the loading, transporting and beneficial use of biosolids produced by the agency; the County asserted that the agency's promulgation of the amendment violated CEQA.  (*County Sanitation Dist. No. 2*, *supra*, 127 Cal.App.4th at p. 1628.) The term of the contract, as amended, had expired; the County, however, argued that "its CEQA claim . . . [was] not moot unless that contract [could not] be renewed or extended."  (*Ibid.*)  The appellate court rejected this argument, finding the claim had been rendered moot by the expiration of the contract:  "[W]e conclude that County's CEQA challenges to [the sanitation agency's] . . . approval of [the] amendment . . . to Contract . . . [are] moot because the contract is no longer in effect.  [Citation.]  Moreover, the mere prospect that [the] Contract . . . or a similar contract might become operative because of future actions taken by [the agency] and [the hauler] does not create an actual, present controversy."  (*Id.* at pp. 1628-1629.)

---

[7] This court requested and received supplemental letter briefs from the parties concerning the issue of mootness.

11

In *Daily Journal*, *supra*, 172 Cal.App.4th 1550, a petition for writ of mandate was filed challenging the awarding of a County of Los Angeles contract in favor of the petitioner's competitor. (*Id.* at pp. 1552-1553.) While the appeal was pending, the challenged contract, after being extended, expired and the County issued a new invitation to bid. (*Id.* at p. 1556.) Under these circumstances, the appellate court concluded that the appeal, insofar as the petitioner sought an order cancelling the contract and awarding that contract to the petitioner, was dismissed as moot. (*Id.* at pp. 1557, 1560.) In so concluding, the appellate court reasoned: "Daily Journal does not contend that the recent . . . bid invitation, or any contracts awarded as a result of that invitation, were improper. Because the County's 2004 contract with Met News has expired, even if the Daily Journal were correct in its argument, we could no longer order the County to terminate that contract and award it to Daily Journal instead. Given the vagaries of future contracts for publication of legal notices—affected surely by economic factors and new technologies—we cannot say that the present controversy is likely to recur." (*Id.* at p. 1557.)

Similarly, in *Giles v. Horn* (2002) 100 Cal.App.4th 206 (*Giles*), the plaintiffs challenged contracts between the County of San Diego and private contractors because they allegedly violated the County's charter, arguing that the County had not made required findings that outside contractors could perform the work more economically and more efficiently than County employees. (*Id.* at pp. 211, 228.) Before the appeal was heard, the original contracts expired; the County had the right to extend the contracts, and it did so, making a finding at that time that the work could be performed more economically and efficiently by private contractors. (*Id.* at p. 228.) The appellate court concluded that the challenge was moot: "The contracts have been fully performed and have expired. Plaintiffs' claim that defendants violated the County Charter provisions requiring a finding of economy and efficiency before contracting with non-civil-service

12

contractors has lost its essential character and therefore we cannot consider it upon this appeal. [Citation.]" (*Ibid.*)

In *Delta Stewardship Council Cases*, *supra*, 48 Cal.App.5th 1014, the appellate court addressed various challenges to the validity of a long-term management plan for Sacramento-San Joaquin Delta river delta, the plan's regulations, and an environmental impact report issued for the plan pursuant to CEQA. The appellate court concluded that a portion of the plaintiffs' claims—claimed violations of the Delta Reform Act that the trial court sustained—had been rendered moot because subsequent events precluded the granting of effectual relief in the case. "The documents show that the Delta Plan Amendments specifically address the statutory violations found by the trial court. The remaining issues raised in the Council's appeal ask us to evaluate the validity of the Council's actions with respect to the original 2013 Delta Plan. However, the portions of the original Delta Plan that were invalidated by the trial court have been superseded by the adoption of the Delta Plan Amendments. Thus, even if we were to consider the merits of the outstanding issues and found in favor of the Council, we would be unable to grant any effectual relief. The invalidated portions of the original Delta Plan are no longer operative." (*Id.* at p. 1053, fn. omitted.)

Lastly, in *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714 (*Parkford Owners*), the appellate court determined that a challenge to a development under CEQA was moot. There, the plaintiff challenged the issuance of a permit for the construction of an expansion of a commercial storage facility based upon an alleged failure to comply with both CEQA and the Planning and Zoning Law, Government Code, section 65000 et seq. (*Parkford Owners*, *supra*, at p. 716.) The appellate court concluded: "Parkford's lawsuit challenges the County's approval of a building project without preparation of an [environmental impact report]. The lawsuit also alleges such approval resulted in a violation of the Planning and Zoning Law.

13

However, . . . completion of the project rendered Parkford's challenge to the project's approval moot." (*Id.* at pp. 724-725.)

### 2. Analysis

The facts here demonstrate that the appeal is moot. The Valley View permit involved in this controversy was issued by the Commission to Pietro on July 9, 2020. A condition of the Commission-issued permit was that it would expire two years after the date the Commission voted on the application unless development had commenced. Pietro was required to file an application for extension within that two-year period. (See Cal. Code of Regs, tit. 14, § 13156(g).) The two-year period expired July 9, 2022, approximately four months after judgment was entered below. Pietro neither applied for an extension, nor did the Commission grant one.

Moreover, Pietro could have sought a stay of the administrative decision being appealed by filing a petition for writ of supersedeas with this court. (See Code Civ. Proc., § 1094.5, subd. (g); see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2022), ¶ 7.269.1 [supersedeas appropriate to issue stay in appeal from superior court denial of administrative mandamus].) Pietro did not apply to this court for a stay. (See *La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 591 [emphasizing that appellant's actions rendering appeal moot militates in favor of dismissal].)

Even if we were to find—which finding we do not make here—that there is merit to Pietro's contentions, we could not grant any effective relief. (See *MHC Operating*, *supra*, 106 Cal.App.4th at p. 214 [appeal is moot " '[w]hen no effective relief can be granted' "].) After its de novo consideration of the matter on appeal, the Commission approved the permit for the Valley View site, but imposed Special Condition 1, which precluded the construction of the basement. The Commission-issued permit has expired, and the prior County-issued permit was superseded and is of no force and effect. (See *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 569

14

(*Kaczorowski*); see also *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 274, 294 [where there is a de novo hearing by the Coastal Commission, the decision by that body " ' "takes the place of and completely nullifies the former determination of the matter" ' "].)

Because the Commission-issued permit for the Valley View site has expired, Pietro would be required to submit a new permit application to the County. The application may be different and could include new building specifications to be considered by the County. The disposition of that new application by the County may be different. If the County's decision were appealed, the Commission's response may be different; in fact, the Commission might not even accept the matter for appeal. The circumstances here are no different than those involving expired contracts, where courts have concluded that the controversies on appeal are moot. (See, e.g., *Daily Journal*, *supra*, 172 Cal.App.4th at pp. 1550, 1557.) Analogous to the circumstances in *County Sanitation Dist. No. 2*, *supra*, 127 Cal.App.4th at pages 1628 to 1629, where the issue on appeal was moot because the challenged contracts had expired, here too, the challenged permit has expired, and this court can grant no effective relief pertaining to it. Adapting the language of the court in that case, "*the mere prospect* that . . . a similar [building permit] might become operative because of future actions" by Pietro, the County, and the Commission does not change the fact that the subject permit has expired and this court can offer no effectual relief concerning it. (*Id.* at p. 1629, italics added; cf. *Daily Journal*, *supra*, at p. 1557 [controversy regarding expired contract was moot and "[g]iven the vagaries of future contracts for publication of legal notices . . . [it could not be said] that the present controversy [was] likely to recur"].)

Pietro requests in his opening brief that this court issue "a writ ordering the Commission to reinstate the County's approval of Pietro's permit, absent Special Condition 1." As a matter of law, this court cannot accommodate this request. The relief Pietro seeks is not possible because the County-approved permit, by reason of the

Commission's acceptance of the administrative appeal, is a nullity.  (See *Kaczorowski*, *supra*, 88 Cal.App.4th at p. 569.)

Relatedly, Pietro asserts that that the Commission's actions are "void," because it "could not reasonably have found that Pietro's County-approved permit[] raised a substantial issue under the certified LCP."  Pietro thus argues that the controversy is not moot because it seeks to build under the County-issued permit, not under the permit issued by the Commission.  Again, Pietro's argument ignores that "[i]f the Commission determines that an appeal presents a 'substantial issue,' the permit application is reviewed de novo; in effect, the Commission hears the application as if no local governmental unit was previously involved, deciding for itself whether the proposed project satisfies legal standards and requirements.  [Citations.]"  (*Kaczorowski*, *supra*, 88 Cal.App.4th at p. 569.)

Pietro attempts to circumvent the fact that the Commission's acceptance of the appeal nullified the County-issued permit for the Valley View site by challenging the Commission's finding when it accepted the appeal that Pietro's County-approved permit raised a substantial issue under the LCP.  In response to the Commission's claim that the appeal is moot, Pietro argues (in its reply brief) that "[b]ecause the Commission's substantial issue determination was based on a failure to 'avoid or substantially minimize' impacts to archaeological sites on the subject property, it acted in excess of its jurisdiction and the proper remedy is that its action be deemed void."

Pietro did not raise this specific jurisdictional challenge below.   Nor did Pietro assert this jurisdictional challenge in its opening brief.  The opening brief instead focused on the findings of the Commission which Pietro asserts were not supported by substantial evidence, the Commission's alleged incorrect interpretation of the LCP, its decision being allegedly inconsistent with the LCP, and its decision "effectively amending the LCP."  All such arguments concerned the Commission's actions and decision made *after* it made a "substantial issue" finding and accepted jurisdiction over the appeal.  And,

specifically, Pietro stated in its opening brief that although it had "alleged [below] that the Commission lacked jurisdiction to take appeal of the permit[]," Pietro was not appealing the trial court's rejection of that claim.[8]  Although Pietro raised other challenges at the trial level—including the jurisdictional challenge and the claim that imposition of the conditions to the Commission-issued permits constituted an unconstitutional taking—its opening brief here focused entirely on the propriety of the Commission's findings, and its interpretation and application of the LCP in doing so, in issuing the Valley View permit that included Special Condition 1.  Pietro has thus twice forfeited the challenge that the Commission had no jurisdiction over the administrative appeal of the County-issued permit.  (*Moore v. Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 541, fn. 13 [claim not raised at trial level or in opening brief held " 'doubly forfeited' "]; see also *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [due process argument asserted at trial but not raised on appeal deemed waived].)[9]

Pietro also contends that, accepting the Commission's position, Pietro would have been required to commence building under the Commission-issued permit

_____

[8] Pietro argued at length below that the Commission lacked appellate jurisdiction (i.e., had no authority to review the County-issued permit).  The trial court, in its order denying the petition, addressed in detail Pietro's jurisdictional challenge.

[9] As noted, Pietro asserts in its reply brief that the Commission "acted in excess of its jurisdiction and . . . its action [should] be deemed void."  The Commission filed a motion to strike portions of the reply brief, to the extent that it included challenges to the Commission's jurisdiction based upon its substantial issue finding in accepting the administrative appeal.  The Commission argues that Pietro did not make this jurisdictional argument in the trial court.  It asserts further that Pietro, in its opening brief, "unequivocally abandoned" any jurisdictional challenges that it made and which were rejected by the trial court.  The Commission argues "that arguments not made in the trial court below are waived and that arguments made for the first time in a reply brief should not be considered because of unfairness to the other party."  Pietro filed opposition to the motion to strike.  We have considered the matters raised in the motion and opposition.  Because of our disposition of this case, it is unnecessary to decide the motion.  Accordingly, we will deny the motion to strike as moot.

notwithstanding Pietro's objection to Special Condition 1. This action, Pietro contends, would have resulted in the equitable forfeiture of its challenge. We do not agree with this view of the Commission's argument. Rather, the Commission asserts that for Pietro to have preserved its appellate challenge, it should have made efforts to extend the permit and/or sought a stay through a writ of supersedeas. Pietro, as the Commission points out, did neither.

Pietro asserts further that because the permit here could only have been extended by applicable regulation for one year, such an extension would have been inadequate for completion of the appellate process. This ignores the fact that Pietro did not seek *any* extension of the permit, nor did it seek a stay.

Pietro makes the additional argument that the appeal is not moot insofar as the agency decision is not yet final because all challenges, including the present appeal, have not yet been exhausted. We disagree. The fact that the appeal was not completed before the Valley View permit expired does not change the fact that its expiration prevents this court from granting effective relief.

At oral argument, Pietro asserted that a dismissal on mootness grounds would render any error by the Commission effectively unreviewable, because the Commission's decision to hear the appeal nullified the County's permit, and no entity (including this court) could restore it. (See generally *McAllister*, supra, 147 Cal.App.4th at pp. 274, 294.) We disagree that a decision to dismiss this appeal on these facts would generally insulate the Commission's actions from review. First, as we have explained, Pietro could have sought a stay from this court of the Commission's administrative decision to preclude any mootness of the appeal. Second, if the Commission-issued permit were still in effect, and we agreed with Pietro that the Commission had erred in its imposition of mitigation conditions, then this Court would presumably reverse the judgment and remand the matter to the trial court with instructions that it direct the Commission to

18

vacate the Commission-issued permit or modify it to remove Special Condition 1.[10]  As the Commission-issued permit has expired, however, any finding we were to make concerning the Commission's actions would be ineffectual.

Lastly, Pietro asserts that this court may exercise its inherent discretion to decide the matter, notwithstanding its potential mootness.  The three discretionary exceptions under which the court may hear the appeal notwithstanding its mootness are " '(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination.'  [Citation.]"  (*Santa Monica Baykeeper*, *supra*, 193 Cal.App.4th at p. 1548.)

Pietro appears to argue that the first exception applies, but it states merely that "the public interest [would be] served by resolution" of the issues "because the proper scope and interpretation of the County LCP impacts landowners beyond the instant case." This does not appear to be a " 'case present[ing] an issue of broad public interest that is likely to recur [citation].' "  (*Santa Monica Baykeeper*, *supra*, 193 Cal.App.4th at p. 1548.)  The case involves a narrow question of whether the Commission's granting of the Valley View permit, subject to Special Condition 1 calling for elimination of the basement, was proper.  This appeal concerns facts unique to the particular case.  (See *Giles*, *supra*, 100 Cal.App.4th at p. 228 [because resolution of controversy is dependent on "a particularly factual determination that must be resolved on a case-by-case basis," court declined to exercise its discretion to decide the case].)

Pietro argues that the second exception applies, asserting that "failure to resolve the issues between the parties would simply result in legal uncertainty, further delay, and additional unnecessary litigation."  Because the Commission-issued permit has expired,

---

[10] As we do not reach the merits of the appeal, we need not engage in speculation by identifying any and all prospective dispositions that might result from a conclusion that the Commission erred.

there is significant uncertainty whether the dispute presented here will recur. The new permit application for the Valley View site may differ and may include design modifications. The County's disposition of a new permit application may also differ from what occurred previously. If the County issues a new permit, there may or may not be a challenge to it. If there were such a challenge, the Commission may or may not accept the matter for appeal, and if it did, its disposition may differ from its disposition with respect to the now-expired permit. Thus, because of the vagaries of future events regarding the Pietro development project, this is not an instance in which " 'there may be a recurrence of the controversy between the parties [citation].' " (*Santa Monica Baykeeper*, *supra*, 193 Cal.App.4th at p. 1548.)

The third exception also does not apply. This is not a case in which " 'a material question remains for the court's determination.' [Citation.]" (*Santa Monica Baykeeper*, *supra*, 193 Cal.App.4th at p. 1548.) In light of expiration of the Commission-issued permit and the absence of effective relief that can be granted by this court, there are no material questions that remain for this court's determination.

### III. DISPOSITION

The appeal from the judgment denying the petition for writ of administrative mandate, filed on March 5, 2022, is dismissed as moot. The parties shall bear its respective costs on appeal.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*Pietro Family Investments, LP v. California Coastal Commission*
**H049920**